UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CR-234 RLW |
| v. ) | |
| ) | |
| WAFAA ALWAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AMENDING JUDGMENT

This matter is before the Court on the United States of America's Motion to Amend Judgment in a Criminal Case (ECF No. 2205). The Motion states that Defendant Wafaa Alwan entered into a plea agreement (ECF No. 1972) with the United States on April 12, 2022. As part of the plea, Defendant Alwan agreed to the forfeiture of the certain property. (Id. at 7, ¶ g.) Consistent with the plea agreement, this Court issued a Preliminary Order of Forfeiture on June 7, 2022 (ECF No. 2058), which forfeited to the United States any property, real or personal, constituting or derived from any proceeds traceable to the Defendant's offense of Conspiracy to Traffic in Contraband Cigarettes, subject to the provisions of Title 18, United States Code, Section 981(a) and Title 28, United States Code, Section 2461(c). (ECF No. 2058 at 1-2.) In addition, the Preliminary Order of Forfeiture included a list of specific Subject Property that was declared forfeited. (Id. at 2-7.) Defendant Alwan was sentenced by this Court on July 13, 2022. See Judgment (ECF No. 2167).

Rule 32.2(b)(4)(B) of the Federal Rules of Criminal Procedure states that the Court must ensure the defendant knows of the forfeiture at sentencing. Rule 32.2(b)(4)(B) further states that the Court must also include the forfeiture order, directly or by reference, in the judgment. If the forfeiture is not included, however, the Rule authorizes the Court to correct the judgment at any time under Rule 36. The forfeiture was not included in the Judgment in this case.

Rule 36 provides a mechanism for the correction of clerical errors in a judgment. The Rule states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36, Fed. R. Crim. P. The Judgment's failure to include the forfeiture order is a clerical error for which relief is available under Rule 36. See Rule 32.2(b)(4)(B), Fed. R. Crim. P. Because the United States brought this error to the Court's and Defendant's attention through the Motion, and Defendant was aware of the terms of the Guilty Plea Agreement and the Preliminary Order of Forfeiture, there is no need for additional notice.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Amend Judgment in a Criminal Case is **GRANTED**. (ECF No. 2205)

**IT IS FURTHER ORDERED** that the Judgment entered herein on July 13, 2022 (ECF No. 2167) is **AMENDED** to include the following language: "Pursuant to Title 18, § 981(a) and Title 28, U.S.C. § 2461(c), the Defendant has forfeited all of her right, title, and interest in the property previously identified in the Preliminary Order of Forfeiture granted on June 7, 2022."

**IT IS FURTHER ORDERED** that the Clerk of the Court shall prepare an Amended Judgment in a Criminal Case and include the quoted language in the foregoing paragraph. The Judgment shall remain in full force and effect in all other respects.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of August, 2022.